**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

DISTRICT OF DELAWARE

Case number *(if known)* ______ Chapter 11

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy

**04/25**

**If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.**

| | | |
|---|---|---|
| **1.** | **Debtor's name** | Tapestry Management Services, Inc. |
| **2.** | **All other names debtor used in the last 8 years**<br>Include any assumed names, trade names and *doing business as* names | N/A |
| **3.** | **Debtor's federal Employer Identification Number** (EIN) | 84-4559744 |
| **4.** | **Debtor's address** | **Principal place of business**<br>99 Hawley Lane, Suite 1102, Stratford, CT 06614<br>Number, Street, City, State & ZIP Code<br>Fairfield<br>County<br><br>**Mailing address, if different from principal place of business**<br>______<br>P.O. Box, Number, Street, City, State & ZIP Code<br><br>**Location of principal assets, if different from principal place of business**<br>______<br>Number, Street, City, State & ZIP Code |
| **5.** | **Debtor's website** (URL) | https://www.tapestryhealth.com/ |
| **6.** | **Type of debtor** | ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))<br>☐ Partnership (excluding LLP)<br>☐ Other. Specify: ______ |

Debtor Tapestry Management Services, Inc. Case number (*if known*)
Name

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
☐ Railroad (as defined in 11 U.S.C. § 101(44))
☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
☒ None of the above

B. *Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)
☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)
☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes.

6215

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7
☐ Chapter 9
☒ Chapter 11. *Check **all** that apply*:

- ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,424,000 (amount subject to adjustment on 4/01/28 and every 3 years after that).
- ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).
- ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.
- ☐ A plan is being filed with this petition.
- ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).
- ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the A*ttachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.
- ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**
If more than 2 cases, attach a separate list.

☒ No.
☐ Yes.

District ______ When ______ Case number ______
District ______ When ______ Case number ______

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

☐ No
☒ Yes.

Debtor Tapestry Management Services, Inc. Case number (*if known*)
Name

List all cases. If more than 1, attach a separate list

| | | | |
|---|---|---|---|
| Debtor | *See* Rider 1 | Relationship | Affiliate |
| District | Delaware When | Case number, if known | |

**11. Why is the case filed in *this district?***

*Check all that apply:*

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard?

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other

**Where is the property?**

Number, Street, City, State & ZIP Code

**Is the property insured?**

☐ No

☐ Yes. Insurance agency

Contact name

Phone

## Statistical and administrative information

**13. Debtor's estimation of available funds** .

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14. Estimated number of creditors**

***Consolidated for all Debtors.**

| | | |
|---|---|---|
| ☐ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than100,000 |
| ☒ 200-999 | | |

**15. Estimated Assets**

***Consolidated for all Debtors.**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☒ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

**16. Estimated liabilities**

***Consolidated for all Debtors.**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☒ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

Debtor Tapestry Management Services, Inc. Case number (*if known*)
Name

## Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on November 6, 2026
MM / DD / YYYY

**X** */s/ David R. Campbell*
Signature of authorized representative of debtor

David R. Campbell
Printed name

Title Chief Restructuring Officer

---

**18. Signature of attorney**

**X** */s/ Michael R. Nestor*
Signature of attorney for debtor

Date November 6, 2026
MM / DD / YYYY

Michael R. Nestor
Printed name

Young Conaway Stargatt & Taylor, LLP
Firm name

1000 N. King Street
Wilmington, DE 19801
Number, Street, City, State & ZIP Code

Contact phone 302-571-6600 Email address mnestor@ycst.com

3526 DE
Bar number and State

# **Rider 1**

## Affiliated Entities

On the date hereof, each of the affiliated entities listed below (including the debtor in this chapter 11 case) filed in the United States Bankruptcy Court for the District of Delaware a petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532. Contemporaneously with the filing of these petitions, such entities filed a motion requesting joint administration of their chapter 11 cases under the case number assigned to the chapter 11 case of Tapestry Management Services, Inc.

| | Entity Name | Federal Employee Identification Number (EIN) |
|---|---|---|
| 1. | Tapestry Management Services, Inc. | 84-4559744 |
| 2. | Tapestry Pharmacy Consulting LLC | 42-3872776 |
| 3. | Chess Medical, P.C. | 85-1594399 |
| 4. | Chess Medicine PLLC | 85-2232119 |
| 5. | Emerald Fern Wellness PC | 39-2218794 |
| 6. | Tapestry Health PLLC | 41-5232498 |
| 7. | Tapestry Medical, P.C. | 41-5159757 |
| 8. | Tapestry Medicine PLLC | 41-5201329 |
| 9. | Tapestry TeleHealth PLLC | 82-2612399 |
| 10. | Topaz Bay Senior Health PC | 33-4612183 |
| 11. | Rosewood Hills Healthcare PC | 33-4631207 |

**WRITTEN CONSENT**
**OF**
**THE SPECIAL COMMITTEE OF THE BOARD OF DIRECTORS**
**OF**
**TAPESTRY MANAGEMENT SERVICES, INC.**

November 3, 2026

The undersigned, being the sole member of the Special Committee (the "**Special Committee**") of the Board of Directors of Tapestry Management Services, Inc., a Delaware corporation (the "**Corporation**"), acting pursuant to Section 141(f) of the General Corporation Law of the State of Delaware (the "**DGCL**") and Section 3.15 of the by-laws of the Corporation (the "**By-Laws**"), and the authority delegated by the Unanimous Written Consent of the Board effective as of October 30, 2026 (the "**Board Consent**"), adopts the following resolutions. Capitalized terms used but not defined herein have the meanings given in the Board Consent.

1. **Chapter 11 Filing**

**RESOLVED**, that, in the business judgment of the Special Committee, upon and at the time specified in a written determination of the Special Committee, it is desirable and in the best interests of the Corporation (including consideration of its creditors and other parties in interest) for the Corporation to file or cause to be filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**"), and any other petition for relief or recognition or other order that may be desirable under applicable law in the United States, and subject to from the time of the joint meeting of the Board of Directors and the Special Committee on November 3, 2026 to the time of filings (1) there is no material changes in economics; and (2) there is satisfactory resolution of any open legal points, then the Special Committee, in accordance with the Certificate of Incorporation and the By-Laws and the laws of the State of Delaware, hereby consents to, authorizes, and approves such filing upon such determination. If there are material changes in economics or unresolved open legal points, there will be another joint meeting of the Board of Directors and the Special Committee.

**FURTHER RESOLVED**, that the Chief Restructuring Officer and each other officer of the Corporation designated in writing by the Special Committee (each, an "**Authorized Signatory**") be, and hereby is, authorized, empowered, and directed, subject to the direction of the Special Committee, to execute and file on behalf of the Corporation all petitions, schedules, lists, and other motions, papers, or documents, and to take any and all action that the Authorized Signatory deems necessary or proper to obtain such relief, including, without limitation, any action necessary to maintain the ordinary course operation of the Corporation's business;

2. **Use of Cash Collateral**

FURTHER RESOLVED, that, in the business judgment of the Special Committee, it is desirable and in the best interests of the Corporation, including its creditors and other parties in interest, to obtain the benefits of the use of cash collateral, as such term is defined in section 363(a) of the Bankruptcy Code ("**Cash Collateral**"), and the Authorized Signatory is hereby authorized,

empowered, and directed to execute and file on behalf of the Corporation all motions, papers, or documents, and to take any and all action that the Authorized Signatory deems necessary or proper to obtain such relief;

**3. Retention of Professionals**

**FURTHER RESOLVED**, that the Authorized Signatory is authorized and directed to employ (a) the law firms of Alston & Bird LLP and Young Conaway Stargatt & Taylor, LLP, as restructuring counsel ("**Restructuring Counsel**"), (b) Stretto, Inc, as notice and claims agent and administrative advisor ("**Claims Agent**"), and (c) any other legal counsel, accountant, financial advisor, restructuring advisor, or other professional the Authorized Signatory, with the approval of the Special Committee, deems necessary, appropriate, or advisable to retain (together with Restructuring Counsel and the Claims Agent, collectively, the "**Retained Professionals**"), in each case, to represent and assist the Corporation in carrying out its duties under the Bankruptcy Code; and in connection therewith, the Authorized Signatory, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and cause to be filed an appropriate application for authority to retain the services of each of the Retained Professionals and of Hilco Global, the Chief Restructuring Officer firm (**"CRO Firm")**;

**FURTHER RESOLVED**, that the Authorized Signatory is, with power of delegation, authorized, empowered, and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers, and to take and perform any and all further acts and deeds that the Authorized Signatory deems necessary, proper, or desirable in connection with the Corporation's chapter 11 case (the "**Chapter 11 Case**"), with a view to the successful prosecution of such case;

**4. General**

**FURTHER RESOLVED**, that in addition to the specific authorizations heretofore conferred, the Authorized Signatory be, and hereby is, authorized and empowered, in the name of and on behalf of the Corporation, to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver, and file any and all such agreements, certificates, instruments, and other documents and to pay all expenses, including but not limited to filing fees, in each case as the Authorized Signatory determines to be necessary, advisable, convenient, or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein, and to take all actions or to not take any action in the name of the Corporation with respect to the transactions contemplated by these resolutions, in each case subject to the direction of the Special Committee;

**FURTHER RESOLVED**, that all acts, actions, and transactions relating to the matters contemplated by the foregoing resolutions or the Board Consent done in the name of and on behalf of the Corporation, including by the Corporation as Managing Member and sole Member of Tapestry Pharmacy Consulting LLC, which acts would have been approved and authorized by the foregoing resolutions or the Board Consent except that such acts were taken before their adoption, are hereby in all respects approved and ratified as the true acts and deeds of the Corporation with the same force and effect as if each such act, transaction, agreement, or certificate had been specifically authorized in advance by resolution of the Special Committee;

**FURTHER RESOLVED**, that this consent shall be filed with the minutes of the proceedings of the Special Committee.

*[Remainder of page intentionally left blank.]*

**IN WITNESS WHEREOF**, the undersigned, being the Independent Director, has executed this Consent on the date indicated below, but effective as of the date set forth above.

By: Louis E Robichaux IV
_______________________________________

Louis Robichaux
Special Committee, Sole Member and Chair
November 3, 2026

| Fill in this information to identify the case: |
|---|
| Debtor name Tapestry Management Services, Inc., et al. |
| United States Bankruptcy Court for the: District of Delaware (State) |
| Case number (If known): |

☐ Check if this is an amended filing

Official Form 204

# Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders

12/15

**A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider,* as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.**

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | **Direct Supply Inc.**<br>Box 88201<br>Milwaukee, WI 53288-0201 | Attn: Sue Smukowski<br>866-339-1599<br>Andrew.Reiss@directsupply.com;<br>KPolacek@directs.com | Trade Claim | | | | **$ 2,599,104.55** |
| 2 | **Neteera Technologies Ltd.**<br>High Tech VillageBuilding 1.1<br>Jerusalem Givat Ram, 9139002 Israel | Attn: Yael Feldheim<br>972-54-843-2343<br>yael.feldheim@neteera.com | Trade Claim | | | | **$ 2,468,113.27** |
| 3 | **SAIcle One Solutions, LLC**<br>5 Research Drive<br>Shelton, CT 06484 | Attn: Michael Kane<br>203-929-0790<br>ar@saisystems.com | Trade Claim | | | | **$ 888,256.76** |
| 4 | **Saiva Inc.**<br>221 Main Street, Suite 866<br>Los Altos, CA 94023 | Attn: Erely Gonzalez<br>erely.gonzalez@saivahc.com | Trade Claim | | | | **$ 761,715.13** |
| 5 | **Authority Partners**<br>200 Spectrum Center Dr., Suite 300<br>Irvine, CA 92618 | Attn: Jennifer Lawler<br>714-706-3600<br>AR@AuthorityPartners.com | Trade Claim | | | | **$ 341,014.00** |
| 6 | **Wellstack Inc.**<br>22 E Mifflin StreetSuite 400<br>Madison, WI 53703 | Attn: Issac McClure<br>608-661-7603<br>richard.waller@wellstack.ai | Trade Claim | | | | **$ 329,455.88** |
| 7 | **Advanced Business Graphics, Inc.**<br>4205 Lakeside Parkway, Suite 100<br>Grapevine, TX 76051 | Attn: Wendy Pennell<br>972-471-3740<br>jenine@abgi.com | Trade Claim | | | | **$ 266,566.98** |
| 8 | **Ista Personnel Solutions LLC**<br>4547 US 9 N, Suite Q<br>Howell, NJ 07731 | 732-994-4782<br>miriamk@istasolutions.com | Trade Claim | | | | **$ 207,895.30** |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim<br>If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 9 | **PointClickCare Technologies, Inc.**<br>PO Box 674802<br>Detroit, MI 48267-4802 | Attn: Noor Mohammed<br>905-858-8885<br>AccountsReceivable@pointclickcare.com | Trade Claim | | | | **$ 185,811.79** |
| 10 | **Reflect Advisors LLC**<br>609 Bowling Avenue<br>Nashville, TN 37215 | azalev@reflectadvisors.com | Trade Claim | | | | **$ 95,453.96** |
| 11 | **B52 Solutions, LLC**<br>2004 West Calle Del Norte Drive<br>Chandler, AZ 85224 | Attn: Doug Fiore<br>303-478-6360<br>isaac.mauro@b52solutions.com | Trade Claim | | | | **$ 92,397.60** |
| 12 | **Hocs Consulting Inc.**<br>3009 Avenue K<br>Brooklyn, NY 11210 | Attn: Sam Gutman<br>718-377-0922<br>sam@hocsinc.com | Trade Claim | | | | **$ 92,017.12** |
| 13 | **WithumSmith&Brown, PC**<br>PO Box 5340<br>Princeton, NJ 08543 | 609-945-7966<br>clientbilling@withum.com | Trade Claim | | | | **$ 90,322.00** |
| 14 | **Hucu.ai LLC**<br>4422 N Ravenswood #1028<br>Chicago, IL 60640 | Attn: Moazzam Akram<br>844-482-8487<br>moazzam.akram@hucu.ai | Trade Claim | | | | **$ 86,654.25** |
| 15 | **Gemini Analytics, LLC**<br>10440 Queens Blvd Apt3Y<br>Forest Hills, NY 11375 | Attn: Monica Armendariz<br>303-332-8429<br>marmendariz@tricurainsurance.io | Trade Claim | | | | **$ 80,775.98** |
| 16 | **Trimed Technologies**<br>4148 Mendenhall Oaks Pkwy<br>High Point, NC 27265 | 866-874-6339<br>dylan@trimedtech.com | Trade Claim | | | | **$ 80,500.00** |
| 17 | **Diversicare**<br>1621 Galleria Boulevard<br>Brentwood, TN 37027 | Attn: Hal Bouldin<br>615-771-7575<br>mweishaar@dvcr.com | Trade Claim | | | | **$ 78,128.95** |
| 18 | **Allegis Group Holdings, Inc dba TEKsystems Inc**<br>7437 Race Road<br>Hanover, MD 21076 | Attn: Dionne Drinks<br>904-489-3070<br>squinlan@teksystems.com | Trade Claim | | | | **$ 74,100.43** |
| 19 | **Third Eye Health, Inc.**<br>PO Box 67259<br>Newark, NJ 07101-4004 | Attn: Jennifer Frank<br>800-411-6768<br>jfrank@thirdeyehealth.net | Trade Claim | | | | **$ 62,280.32** |
| 20 | **BrandRight Marketing Group**<br>20 Bridgewood Avenue<br>Lakewood, NJ 08701 | Attn: Chaya Fischman<br>732-372-0404<br>chaya@brand-right.com | Trade Claim | | | | **$ 54,026.29** |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim<br>If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 21 | **Crystal Equation Corporation**<br>P.O. Box 775515<br>Chicago, IL 60677-5515 | 224-489-6206<br>jselders@crystalequation.com | Trade Claim | | | | **$ 53,750.00** |
| 22 | **Perplexity AI, Inc.**<br>2261 Market Street STE 14441<br>San Francisco, CA 94114 | team@mail.perplexity.ai | Trade Claim | | | | **$ 53,344.46** |
| 23 | **Executive Capital Summit, LLC**<br>465 Oberlin Ave S, Suite 201<br>Lakewood, NJ 08701 | Attn: Shana Kay<br>ShanaK@ecapsummit.com | Trade Claim | | | | **$ 48,000.00** |
| 24 | **monday.com Ltd**<br>52 Menachem Begin St.<br>Tel Aviv, 6713701 Israel | Attn: Brian Berman<br>631-270-5338<br>dianesc@monday.com | Trade Claim | | | | **$ 42,645.20** |
| 25 | **PC Depot Plus LLC**<br>627 S Mayhill Rd, STE 113<br>Denton, TX 76208 | Attn: Jeremy Owens<br>940-497-2305<br>jeremy.owens@pcdepotplus.com | Trade Claim | | | | **$ 37,450.00** |
| 26 | **Lincoln Healthcare Leadership**<br>3530 Post Road, Suite 201<br>Southport, CT 06890 | accounting@lincolnhc.com | Trade Claim | | | | **$ 36,000.00** |
| 27 | **Spencer Fane LLP**<br>1000 Walnut Street, Suite 1400<br>Kansas City, MO 64106 | akaplun@spencerfane.com | Trade Claim | | | | **$ 34,242.50** |
| 28 | **Prime Source National, Corp**<br>135 Chestnut Ridge Road<br>Montvale, NJ 07645 | AReyes@primesourcex.com;<br>AReyes@primesourcex.com | Trade Claim | | | | **$ 33,750.00** |
| 29 | **Laibel Schwartz Photography, Inc**<br>29 Hickory Ave<br>Hillburn, NY 10931 | 845-418-2527<br>laibel@laibel.com | Trade Claim | | | | **$ 33,250.00** |
| 30 | **Fiveboro Printing, LLC**<br>1425 37th Street, 5th Floor<br>Brooklyn, NY 11218 | ar@fiveboroprinting.com;<br>joey@fiveboroprinting.com;<br>rachel@fiveboroprinting.com | Trade Claim | | | | **$ 33,179.10** |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| TAPESTRY MANAGEMENT SERVICES, INC., *et al.*,[1] | ) | Case No. 26-____ (___) |
| | ) | (Joint Administration Requested) |
| Debtors. | ) | |

**CONSOLIDATED CORPORATE OWNERSHIP**
**STATEMENT AND LIST OF EQUITY SECURITY HOLDERS**

Pursuant to rules 1007(a)(1), 1007(a)(3), and 7007.1 of the Federal Rules of Bankruptcy Procedure, the above-captioned debtors and debtors in possession (each a "Debtor" and, collectively, the "Debtors") hereby state as follows:

1. The Debtors' mailing address for purposes of these chapter 11 cases is 99 Hawley Lane, Suite 1102, Stratford, CT 06614. A chart setting forth Debtor Tapestry Management Services, Inc.'s equity interest holders is attached hereto as **Exhibit A**.[2]

2. Tapestry Management Services, Inc. wholly owns Tapestry Pharmacy Consulting LLC.

3. Dr. David Chess, an individual, wholly owns each of the following Debtors: (a) Chess Medical, P.C., (b) Chess Medicine PLLC, (c) Emerald Fern Wellness PC, (d) Tapestry Health PLLC, (e) Tapestry Medical, P.C., (f) Tapestry Medicine PLLC, (g) Tapestry TeleHealth PLLC, (h) Topaz Bay Senior Health PC, and (i) Rosewood Hills Healthcare PC (collectively, the "Professional Entities").[3]

---

1 The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tapestry Management Services, Inc. (9744), Tapestry Pharmacy Consulting LLC (2776), Chess Medical, P.C. (4399), Chess Medicine PLLC (2119), Emerald Fern Wellness PC (8794), Tapestry Health PLLC (2498), Tapestry Medical, P.C. (9757), Tapestry Medicine PLLC (1329), Tapestry TeleHealth PLLC (2399), Topaz Bay Senior Health PC (2183) and Rosewood Hills Healthcare PC (1207). The location of the Debtors' service address is: 99 Hawley Lane, Suite 1102, Stratford, CT 06614.

2 The list of Tapestry Management Services, Inc.'s equity interests attached hereto is as of October 14, 2026.

3 Each of the Professional Entities is party to an administrative services agreement with Debtor Tapestry Management Services, Inc.

# Exhibit A

## List of Tapestry Management Services, Inc.'s Equity Interest Holders

| Security Class and Number of Securities | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **Holders' Name and Last Known Address or Place of Business** | **Class A Voting Common Stock** | **A-1 Preferred** | **A-2 Preferred** | **A-3 Preferred** | **A-4 Preferred** | **A-5 Preferred** | **A-6 Preferred** | **2026 Issued A-7 Preferred** | **A-1 Preferred AD** | **A-2 Preferred AD** | **A-3 Preferred AD** | **A-4 Preferred AD** | **A-5 Preferred AD** | **A-6 Preferred AD** | **Class B Non-Voting Common Stock** |
| Tapestry Telehealth Solutions, Inc., 1990 Elm Street, Stratford, CT 06615 | 2,000,000 | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| AMP Associates, LLC c/o Sopris Capital Associates, LLC, 409 Aspen Airport Business Center, Suite B, Aspen, CO 81611 | - | 463,240 | 276,704 | 225,030 | 506,950 | 2,737,350 | 144,956 | 3,372,992 | 374,202 | 211,718 | 213,617 | 310,955 | 1,036,423 | 68,921 | - |
| Pondfield Holdings LLLP c/o Sopris Capital Associates, LLC, 409 Aspen Airport Business Center, Suite B, Aspen, CO 81611 | - | 463,239 | 276,704 | 225,030 | 506,950 | 968,228 | 90,808 | 2,113,386 | 374,201 | 211,718 | 213,617 | 310,955 | 633,384 | 43,175 | - |

| Security Class and Number of Securities | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **Holders' Name and Last Known Address or Place of Business** | **Class A Voting Common Stock** | **A-1 Preferred** | **A-2 Preferred** | **A-3 Preferred** | **A-4 Preferred** | **A-5 Preferred** | **A-6 Preferred** | **2026 Issued A-7 Preferred** | **A-1 Preferred AD** | **A-2 Preferred AD** | **A-3 Preferred AD** | **A-4 Preferred AD** | **A-5 Preferred AD** | **A-6 Preferred AD** | **Class B Non-Voting Common Stock** |
| Paul Family Holdings LLLP c/o Sopris Capital Associates, LLC, 409 Aspen Airport Business Center, Suite B, Aspen, CO 81611 | - | - | - | - | - | 1,475,858 | 45,176 | 1,050,803 | - | - | - | - | 403,039 | 21,479 | - |
| Abinav Sankar c/o Sopris Capital Associates, LLC, 409 Aspen Airport Business Center, Suite B, Aspen, CO 81612 | - | 3,589 | 2,144 | 1,743 | 3,928 | 39,459 | 1,682 | 32,506 | 2,899 | 1,640 | 1,655 | 2,409 | 13,324 | 800 | - |
| Mark Groner c/o Sopris Capital Associates, LLC, 409 Aspen Airport Business Center, Suite B, Aspen, CO 81611 | - | 3,589 | 2,144 | 1,743 | 3,928 | 147,334 | 4,984 | 96,313 | 2,899 | 1,640 | 1,655 | 2,409 | 42,784 | 2,370 | - |

| Security Class and Number of Securities | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **Holders' Name and Last Known Address or Place of Business** | **Class A Voting Common Stock** | **A-1 Preferred** | **A-2 Preferred** | **A-3 Preferred** | **A-4 Preferred** | **A-5 Preferred** | **A-6 Preferred** | **2026 Issued A-7 Preferred** | **A-1 Preferred AD** | **A-2 Preferred AD** | **A-3 Preferred AD** | **A-4 Preferred AD** | **A-5 Preferred AD** | **A-6 Preferred AD** | **Class B Non-Voting Common Stock** |
| Jason Smith c/o Sopris Capital Associates, LLC, 409 Aspen Airport Business Center, Suite B, Aspen, CO 81612 | - | 3,589 | 2,144 | 1,743 | 3,928 | 31,837 | 1,449 | 27,997 | 2,899 | 1,640 | 1,655 | 2,409 | 18,167 | 689 | - |
| Taylor Paul c/o Sopris Capital Associates, LLC, 409 Aspen Airport Business Center, Suite B, Aspen, CO 81613 | - | 2,545 | 1,520 | 1,236 | 2,785 | 15,799 | 820 | 15,843 | 2,056 | 1,163 | 1,173 | 1,708 | 3,480 | 390 | - |
| Vickram Pradhan c/o Sopris Capital Associates, LLC, 409 Aspen Airport Business Center, Suite B, Aspen, CO 81614 | - | 1,847 | 1,104 | 897 | 2,022 | 16,190 | 740 | 14,294 | 1,492 | 845 | 852 | 1,240 | 8,755 | 352 | - |

| Security Class and Number of Securities | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **Holders' Name and Last Known Address or Place of Business** | **Class A Voting Common Stock** | **A-1 Preferred** | **A-2 Preferred** | **A-3 Preferred** | **A-4 Preferred** | **A-5 Preferred** | **A-6 Preferred** | **2026 Issued A-7 Preferred** | **A-1 Preferred AD** | **A-2 Preferred AD** | **A-3 Preferred AD** | **A-4 Preferred AD** | **A-5 Preferred AD** | **A-6 Preferred AD** | **Class B Non-Voting Common Stock** |
| Jon Koval c/o Sopris Capital Associates, LLC, 409 Aspen Airport Business Center, Suite B, Aspen, CO 81615 | - | 433 | 258 | 210 | 473 | 2,282 | 127 | 2,455 | 350 | 198 | 199 | 290 | 967 | 60 | - |
| Miles Underwood c/o Sopris Capital Associates, LLC, 409 Aspen Airport Business Center, Suite B, Aspen, CO 81616 | - | - | - | - | - | 1,233 | 38 | 729 | - | - | - | - | 337 | 18 | - |
| Tommy Pine c/o Sopris Capital Associates, LLC, 409 Aspen Airport Business Center, Suite B, Aspen, CO 81617 | - | - | - | - | - | 3,082 | 95 | 1,823 | - | - | - | - | 842 | 45 | - |

| Security Class and Number of Securities | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **Holders' Name and Last Known Address or Place of Business** | **Class A Voting Common Stock** | **A-1 Preferred** | **A-2 Preferred** | **A-3 Preferred** | **A-4 Preferred** | **A-5 Preferred** | **A-6 Preferred** | **2026 Issued A-7 Preferred** | **A-1 Preferred AD** | **A-2 Preferred AD** | **A-3 Preferred AD** | **A-4 Preferred AD** | **A-5 Preferred AD** | **A-6 Preferred AD** | **Class B Non-Voting Common Stock** |
| Sagar Segal c/o Sopris Capital Associates, LLC, 409 Aspen Airport Business Center, Suite B, Aspen, CO 81618 | - | - | - | - | - | 1,233 | 38 | 729 | - | - | - | - | 337 | 18 | - |
| Katherine Medlock c/o Sopris Capital Associates, LLC, 409 Aspen Airport Business Center, Suite B, Aspen, CO 81619 | - | - | - | - | - | 925 | 29 | 548 | - | - | - | - | 252 | 14 | - |
| Andrew Miller c/o Sopris Capital Associates, LLC, 409 Aspen Airport Business Center, Suite B, Aspen, CO 81620 | - | 2,053 | 1,226 | 997 | 2,246 | 10,828 | 603 | 11,646 | 1,658 | 938 | 946 | 1,378 | 4,592 | 287 | - |

| Security Class and Number of Securities | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **Holders' Name and Last Known Address or Place of Business** | **Class A Voting Common Stock** | **A-1 Preferred** | **A-2 Preferred** | **A-3 Preferred** | **A-4 Preferred** | **A-5 Preferred** | **A-6 Preferred** | **2026 Issued A-7 Preferred** | **A-1 Preferred AD** | **A-2 Preferred AD** | **A-3 Preferred AD** | **A-4 Preferred AD** | **A-5 Preferred AD** | **A-6 Preferred AD** | **Class B Non-Voting Common Stock** |
| William Golden, Address on File | - | - | - | - | - | - | 9,718 | - | - | - | - | - | - | 4,621 | - |
| Isaac Ullatil, Address on File | - | - | - | - | - | - | 29,155 | 95,310 | - | - | - | - | - | 13,862 | - |
| Mark Hirschhorn, Address on File | - | 67,438 | 40,282 | 32,759 | 73,801 | 95,795 | - | - | 54,476 | 30,822 | 31,098 | 45,268 | - | - | 427,233 |
| Pereg Holdings LLC, 295 Madison Avenue, Suite 2200, New York, NY 10017 | - | - | - | - | - | 95,795 | - | 54,980 | - | - | - | - | - | - | - |
| CoView Capital, 780 Third Ave 31st Floor, New York, NY 10017 | - | - | - | - | - | - | - | 84,391 | - | - | - | - | - | - | 14,188 |
| David Chess, Address on File | - | - | - | - | - | 36,247 | - | 190,621 | - | - | - | - | 17,445 | - | - |
| Mordy Eisenberg, Address on File | - | - | - | - | - | - | - | 190,621 | - | - | - | - | - | - | - |

| Security Class and Number of Securities | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **Holders' Name and Last Known Address or Place of Business** | **Class A Voting Common Stock** | **A-1 Preferred** | **A-2 Preferred** | **A-3 Preferred** | **A-4 Preferred** | **A-5 Preferred** | **A-6 Preferred** | **2026 Issued A-7 Preferred** | **A-1 Preferred AD** | **A-2 Preferred AD** | **A-3 Preferred AD** | **A-4 Preferred AD** | **A-5 Preferred AD** | **A-6 Preferred AD** | **Class B Non-Voting Common Stock** |
| Telemedicine Webservices, Inc., 3279 Levanto Drive, Viera FL 32940 | 5,163 | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Mark Holtz, Address on File | - | - | - | - | - | - | - | - | - | - | - | - | - | - | 15,000 |
| Craig Anderson, Address on File | - | - | - | - | - | - | - | 266,870 | - | - | - | - | - | - | - |

**Fill in this information to identify the case:**

Debtor name Tapestry Management Services, Inc.

United States Bankruptcy Court for the: DISTRICT OF DELAWARE

Case number (if known) ____________

☐ Check if this is an amended filing

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors

12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ☐ *Schedule H: Codebtors* (Official Form 206H)
- ☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐ Amended *Schedule* ____________
- ☒ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ☒ Other document that requires a declaration Consolidated Corporate Ownership Statement and List of Equity Holders

I declare under penalty of perjury that the foregoing is true and correct.

Executed on November 6, 2026

**X** */s/ David R. Campbell*
Signature of individual signing on behalf of debtor

David R. Campbell
Printed name

Chief Restructuring Officer
Position or relationship to debtor



Software Copyright (c) 1996-2025 Best Case, LLC - www.bestcase.com Best Case Bankruptcy